UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TIFFANY BOYD  PLAINTIFF

V.  CIVIL ACTION NO. 3:24-CV-805-KHJ-MTP

RONALD DEAN POSEY  DEFENDANT

ORDER

Before the Court is Defendant Ronald Dean Posey's ("Posey") [12] Motion to Dismiss. For the reasons stated below, the Court denies Posey's [12] Motion without prejudice and allows Plaintiff Tiffany Boyd ("Boyd") 30 days from the date of this order to perfect service upon Posey and file proof of service.

I.  Background

Boyd and Posey were involved in an automobile collision on October 13, 2020. Notice of Removal [1-1] at 1. Almost three years later, Boyd filed a negligence claim in the Circuit Court of Newton County, Mississippi against Posey and Christopher Miller ("Miller")—the owner of the truck listed on the accident report. *Id.* at 1, 6. The Mississippi state court issued summonses for Posey and Miller the same day, listing Miller as a Mississippi resident and Posey as an Oklahoma resident. [1-4] at 5, 6. Over the next year, the state court granted Boyd five extensions to serve process on Posey and Miller.[1]

---

[1] *See* [1-4] at 29 (120-day extension in January 2024); at 30 (120-day extension in May 2024); at 47 (60-day extension in July 2024); at 49 (60-day extension in September 2024); at 51 (30-day extension in November 2024).

Boyd served Miller in November 2024. *Id.* at 52–53. But she voluntarily dismissed him a few weeks later after learning that Miller was not the owner of the vehicle. Pl.'s Mem. in Supp. [17] at 2.

As for Posey, Boyd made one service attempt at his Oklahoma residence. [17] at 3. Boyd filed proof of service with the state court on February 14, 2025. Summons [5-1]. In that filing, she claimed that a true and correct copy of the summons and complaint were issued to Posey by certified mail restricted delivery on November 20, 2024. *Id.* As verification, Boyd provided a United States Postal Service (USPS) tracking report. [5-2]. The tracking report states that the Summons and Complaint "[were] delivered to an individual at 2:43pm on November 20, 2024 in McAlester, [Oklahoma]." *Id.* Posey was not in McAlester, Oklahoma on November 20 and does not have an agent authorized to accept service on his behalf. Def's Mot. to Dismiss [12-1] at 2. Although Boyd requested a return receipt, she did not receive one. [17] at 3; [18-2] at 1–2.

In December 2024, Posey removed the matter to this Court based on diversity jurisdiction. [1]. He filed his [2] Answer the same day, asserting affirmative defenses under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). [2] at 1. Posey now seeks dismissal for insufficiency of service. [12].

II.   Standard

"[S]ervice of process must occur in accordance with Federal Rule of Civil Procedure 4." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). "The plaintiff is responsible for having the summons and complaint served

within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). The plaintiff must file proof of service with the court after it effects service. *Id.* 4(l)(1).

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

III.   Analysis

To begin, the Court construes Posey's [12] Motion as a Rule 12(b)(5) challenge. Posey moves to dismiss under both Rule 12(b)(4) and Rule 12(b)(5). [12] at 1. But only 12(b)(5) is the proper vehicle for his challenge. A 12(b)(4) motion challenges "the form of the process rather than the manner or method of its service," while a "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x. 688, 691 n.3 (5th Cir. 2008) (per curiam) (quoting 5B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1353 (3d. ed.)). Put another way, a Rule 12(b)(4) challenge "is proper only to challenge noncompliance with the provisions of Rule 4(b)." *Baton Rouge Total Care Ctr. v. Regency 14333*, No. 14-168-JWD-SCR, 2014 WL 5794995, at *1 (M.D. La. Nov. 6, 2014). Posey's [12] Motion describes Boyd's failure to comply with Rule 4(m), not Rule 4(b). As a result, the Court construes the [12] Motion as requesting dismissal under 12(b)(5).[2]

---

[2] "[E]ven if the parties do not address the rule properly, the court may, of its own initiative, address the appropriateness of a dismissal under the rule, *sua sponte*." *Young v.*

3

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) (citations omitted). In removal cases, service can be perfected before or after removal, and the district court "must look to state law to ascertain whether service was properly made prior to removal." *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972). If service has not been perfected before removal, "service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448.

Boyd's November 20 service attempt was invalid. Under Mississippi law, "a summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested." Miss. R. Civ. P. 4(c)(5). And service is complete only if evidenced by a properly executed return receipt or a returned envelope marked "Refused." *Id.* Boyd sent the summons and complaint by certified mail to Posey's home address in Oklahoma. [5-2]. But Boyd offers a USPS tracking report as evidence of sufficient service. A USPS tracking report is neither an executed return receipt nor a returned envelope marked "Refused." Thus, Boyd failed to serve Posey before removal.

---

*Scruggs*, No. 1:09-CV-669, 2010 WL 2301641, at *3 (S.D. Miss. June 7, 2010) (citing Fed. R. Civ. P. 4(m)).

Boyd also fails to show good cause for not serving Posey before removal. Rather than arguing good cause for untimely service, Boyd's [17] Response directs the Court to the equitable estoppel theory in *Univ. of Mississippi Med. Ctr. v. Aycock*, 369 So. 3d 534 (Miss. 2023). That case concerned the notice requirement of Section 11-46-11(2)(a)(ii) of the Mississippi Tort Claims Act. The Mississippi Supreme Court held that the notice provision was "a mandatory requirement, but . . . also subject to waiver and estoppel." *Id.* at 541. This case concerns an automobile accident, not the Mississippi Tort Claims Act. As a result, Boyd cannot rely on *Aycock*.

Because Boyd fails to establish the validity of pre-removal service or good cause for her untimeliness, she violates Federal Rule 4(m). Rule 4(m) says, "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m) applies equally to removal actions. *See, e.g.*, *Rojas v. Carrington Mortg. Servs., LLC*, No. 7:20-cv-409, 2021 WL 1092303, at *1–2 (S.D. Tex. Mar. 22, 2021). When a case is removed, Rule 4(m)'s deadline runs from the date of removal. *Hunt v. Smith*, 67 F. Supp. 2d 675, 684 (E.D. Tex. 1999). This action was removed on December 17, 2024. [1] at 1. Boyd violates of Rule 4(m) because she has not served Posey within 90 days of removal.

Even so, the Court grants Boyd 30 days to perfect service upon Posey and file proof of service. The Fifth Circuit has said that, even without a showing of good

5

cause, "the court has discretionary power to extend the time for service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citation omitted). Any dismissal here would be, as a practical matter, with prejudice, because Boyd would be time barred from reinstituting her claim. And a dismissal with prejudice is an extreme measure that should be taken only if lesser measures do not serve the interests of justice. *Id.* at 326. Because a dismissal with prejudice is unwarranted here, the Court grants Boyd 30 days to rectify the problem.

IV. Conclusion

For the reasons stated above, the Court DENIES Posey's [12] Motion to Dismiss without prejudice and grants Boyd another 30 days from the date of this order to perfect service upon Posey and file proof of service with the Court. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision.

SO ORDERED, this 29th day of August, 2025.

s/ *Kristi H. Johnson*<br>
UNITED STATES DISTRICT JUDGE